IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSLVANIA

| | |
|---|---|
| CHARLIE BLOUNT and SANDRA BLOUNT<br>6710 Autumn Wood Dr.<br>Spotsylvania, VA 22553<br><br>          Plaintiff<br>     v.<br><br>DARRELL HENRY<br>6685 Bob Lynn Rd.<br>Cookeville, TN 38501<br><br>P & R TRUCKING, INC.<br>3205 Old Cookeville Rd.<br>Sparta, TN 38583<br><br>          Defendants | No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COMES the Plaintiff, Charlie Blount, by and through his counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Charlie Blount (hereinafter "Plaintiff") is an adult individual who resides at 6710 Autumn Wood Dr., Spotsylvania, VA 22553.

2. The Plaintiff, Sandra Blount (hereinafter "Mrs. Blount") is an adult individual who resides at 6710 Autumn Wood Dr., Spotsylvania, VA 22553.

3. The Defendant, Darrell Henry (hereinafter "Defendant") is an adult individual who resides at 6685 Bob Lynn Rd., Cookeville TN 38501.

4. The Defendant, P & R Trucking, Inc. (hereinafter "PRTI") is a Tennessee Corporation with its headquarters at 3205 Old Cookeville Rd., Sparta, TN 38583.

5. At all relevant times, the Defendant was the agent, servant, workman and/or employee of PRTI, and was acting in the course and scope of his employment.

## FACTUAL BACKGROUND

6. On May 22, 2020, at approximately, 3:13 p.m., the Plaintiff's vehicle was stopped for traffic on I-81 South in Lebanon County due to a crash up ahead.

7. At all material times hereto, the Plaintiff utilized his emergency flashers to alert drivers of stopped traffic.

8. At the time of this incident, the weather consisted of heavy rain which is considered a hazardous weather condition pursuant to the FMCSRs.

9. At the time of this incident, the road conditions were slippery pursuant the investigation conducted by the Pennsylvania State Police.

10. On the above date, place and time, the Defendant was operating a tractor trailer for PRTI southbound on I-81.

11. Upon information and belief, despite the hazardous weather and road conditions, the Defendant was operating his tractor trailer at or above the 65 mph speed limit.

12. Upon information and belief, due to the Defendant's high rate of speed while traveling in hazardous conditions, the Defendant did not have enough time to bring his tractor-trailer to a stop.

13. The Defendant struck a vehicle driven by Mohammed Raza.

14. The Defendant struck Mr. Raza's vehicle with such force that it propelled it into the Plaintiff's tractor trailer.

15. The impact caused disabling and significant damage to the Plaintiff's driver side.

16. After Mr. Raza struck the Plaintiff's vehicle, his vehicle's momentum carried him into another vehicle driven by Kyle Kishbaugh.

17. As result of the impact, the Plaintiff suffered serious and permanent injuries to his head, neck and back.

18. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## CHARLIE BLOUNT v. DARRELL HENRY

19. The preceding paragraphs are incorporated herein by reference as though fully set forth.

20. The negligence, carelessness and/or recklessness of the Defendant, individually and as the agent, servant, worker and/or employee of PRTI, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

    c. Driving too fast for the conditions in violation of 75 Pa. C.S.A. 3361;

    d. Failing to pay proper attention while operating his tractor trailer on I-81;

    e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle that struck the Plaintiff;

    f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

    g. Failing to exercise due care and caution under all of the existing circumstances;

    h. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    i. Failing to remain alert;

j.  Traveling at an excessive rate of speed under the circumstances;

k.  Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

l.  Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m.  Failing to properly control his tractor trailer unit in light of the circumstances then and there existing;

n.  Failing to make necessary and reasonable observations while operating his tractor trailer unit;

o.  Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

p.  Failing to timely and properly apply his brakes;

q.  Violating both the written and unwritten policies, rules, guidelines and regulations of PRTI;

r.  Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t.  Violating FMCSA Regulation 392.14 dealing with hazardous conditions;

u.  Failing to reduce speed during hazardous weather conditions;

v.  Causing a chain collision as a result of exceeding the speed limit during hazardous conditions;

w.  Causing a chain collision as a result of driving in excess of the appropriate speed during hazardous conditions;

x.  Consciously choosing to drive despite the current hazardous conditions;

y.  Consciously choosing to drive speeds well in excess of the appropriate speeds for the current hazardous conditions and/or in excess of the speed limit;

z.  Consciously choosing not to pull his tractor trailer over due to the inability to drive safely in hazardous conditions;

    aa. Consciously choosing to drive at speeds in direct violation of FMSCR 392.14;

    bb. Consciously choosing to drive at or above the speed limit during hazardous conditions despite knowing that he was creating an increased risk of crashing his tractor trailer; and

    cc. Acting with a conscious disregard for the rights and safety of the Plaintiff.

21. As a direct and proximate cause of the negligence and/or recklessness of the Defendant, the Plaintiff suffered the following injuries:

    a. Cervical injury;

    b. Cervical radiculopathy;

    c. Lumbar injury;

    d. Lumbar radiculopathy; and

    e. Shoulder injury.

22. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

23. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

24. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

25. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

26. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

27. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

28. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity / potential.

**WHEREFORE**, the Plaintiff, Charlie Blount, hereby seeks all damages allowed, in addition to punitive damages from the Defendant, Darrell Henry, in an amount in excess of $150,000.00.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**<u>CHARLIE BLOUNT v. P & R TRUCKING, INC., as being vicariously liable for Darrell Henry</u>**

29. The preceding paragraphs are incorporated herein by reference as though fully set forth.

30. The negligence, carelessness, and/or recklessness of PRTI, as being vicariously liable for the actions of Darrell Henry, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

    c. Driving too fast for the conditions in violation of 75 Pa. C.S.A. 3361;

    d. Failing to pay proper attention while operating his tractor trailer on I-81;

    e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle that ended up striking the Plaintiff;

    f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

6

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his tractor trailer unit in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer unit;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle that struck the Plaintiff;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of PRTI;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Violating FMCSA Regulation 392.14 dealing with hazardous conditions;

u. Failing to reduce speed during hazardous weather conditions;

v. Causing a chain collision as a result of exceeding the speed limit during hazardous conditions;

w. Causing a chain collision as a result of driving in excess of the appropriate speed during hazardous conditions;

    x. Consciously choosing to drive despite the current hazardous conditions;

    y. Consciously choosing to drive speeds well in excess of the appropriate speeds for the current hazardous conditions and/or in excess of the posted speed limit;

    z. Consciously choosing not to pull his tractor trailer over due to the inability to drive safely in hazardous conditions;

    aa. Consciously choosing to drive at speeds in direct violation of FMSCR 392.14;

    bb. Consciously choosing to drive at or above the speed limit during hazardous conditions despite knowing that he was creating an increased risk of crashing his tractor trailer; and

    cc. Acting with a conscious disregard for the rights and safety of the Plaintiff.

31. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Charlie Blount, hereby seeks all damages allowed, in addition to punitive damages from the Defendant, P & R Trucking, Inc., as being vicariously liable for Darrell Henry, in an amount in excess of $150,000.00.

## COUNT III
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## CHARLIE BLOUNT v. P & R TRUCKING, INC.

32. The preceding paragraphs are incorporated herein by reference as though fully set forth.

33. PRTI had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

34. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

35. The negligence, carelessness and/or recklessness of PRTI, individually and through its various employees, servants, agents and/or workers including, but not limited to Darrell Henry, consisted of, but is not limited to the following:

a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving and/or criminal record made him unfit to safely operate a commercial vehicle;

c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA 392.14 made him unfit to safely operate a commercial vehicle;

d. Hiring and/or continuing to employ the Defendant despite the fact that he had an extensive criminal history;

e. Hiring and/or continuing to employ the Defendant despite his previous driving record;

f. Failing to have an appropriate disciplinary policy within the company;

g. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break criminal and/or vehicular rules of various states could and/or would put the driving public at risk;

h. Permitting the Defendant to operate its tractor trailers when it knew or should have known that he was not properly qualified and/or trained;

i. Failing to train and/or properly train the Defendant prior to allowing him to operate its tractor trailers;

j. Allowing the Defendant to operate tractor trailers in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k. Failing to adopt appropriate employee manuals and/or training procedures;

l. Failing to enforce both the written and unwritten policies of PRTI;

m. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of PRTI;

n. Failing to implement and/or enforce an effective safety system;

o. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

    p. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

    q. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

    r. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

    s. Failing to monitor and/or regulate its drivers' actions;

    t. Failing to monitor and/or regulate its drivers' hours;

    u. Failing to monitor and/or regulate its drivers' training;

    v. Failing to monitor and/or regulate speed at which the drivers drove;

    w. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

    x. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

    y. Failing to have a policy or mechanism in place to address proper hiring procedures for its drivers, namely analyzing and utilizing proper criminal background checks;

    z. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

    aa. Consciously choosing not to train its drivers on driving during hazardous conditions despite knowing the increased risk of harm its failure to act created; and

    bb. Failing to act upon and remedy known violations of FMCSA regulation 392.14.

36. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Charlie Blount, hereby seeks all damages allowed, in addition to punitive damages from the Defendant, P & R Trucking, Inc., in an amount in excess of $150,000.00.

## COUNT IV
## LOSS OF CONSORTIUM
## SANDRA BLOUNT v. DARRELL HENRY and P & R TRUCKING, INC.

37. The preceding paragraphs are incorporated herein by reference as though fully set forth.

38. As a result of the negligence and/or recklessness of the Defendants, and as a further result of the injuries sustained by the Plaintiff, Mrs. Blount lost and is continuing to lose the companionship, society and services of her husband, and will continue to lose such society and services for an indefinite time into the future.

**WHEREFORE**, the Plaintiff, Sandra Blount, hereby seeks all damages allowed from the Defendants, Darrell Henry and P & R Trucking, Inc., in an amount in excess of $150,000.00.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY:     ___/s/ Clancy Boylan_____
        CLANCY BOYLAN, ESQUIRE
        Attorney for the Plaintiffs

## VERIFICATION

I, **Kevin Clancy Boylan** _____, hereby certify that the facts contained in the foregoing **Complaint** _____ are true and correct to the best of my knowledge, information and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: 1/17/2022